1  LOUIS A. LEONE, ESQ. (SBN: 099874)
2  JENNIFER N. LOGUE, ESQ. (SBN: 241910)
   **STUBBS & LEONE**
3  2175 N. California Blvd., Suite 900
   Walnut Creek, CA  94596
4  Telephone: (925) 974-8600
   Facsimile: (925) 974-8601
5
6  Attorneys for Defendants
   CITY OF PLEASANTON (erroneously sued
7  as Pleasant Police Department); OFFICER
   JERRY NICELY; OFFICER MARDENE LASHLEY;
8  and OFFICER MARTENS

ORIGINAL
FILED
MAY 2 6 2011

E-filing

ADR

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                                    Case No.: **C11-02568**  DMR

12  EUGENE E. FORTE; EILEEN FORTE;
    GABRIELLE FORTE; JORDAN FORTE;       **DEFENDANTS CITY OF PLEASANTON,**
13  NOEL FORTE; JUSTON FORTE,            **OFFICER JERRY NICELY, OFFICER**
                                         **MARDENE LASHLEY, and OFFICER**
14              Plaintiff,               **MARTENS' NOTICE OF REMOVAL OF**
                                         **ACTION UNDER 28 U.S.C. § 1441**
15       vs.
                                         **(Alameda County Superior Court Case**
16  HYATT SUMMERFIELD SUITES             **No. RG11564165)**
    PLEASANTON; ANA AVILLA, individually
17  and as employee of  HYATT
    SUMMERFIELD SUITES PLEASANTON;
18  PLEASANTON POLICE DEPARTMENT;
    OFFICER JERRY NICELY, individually
19  and in his official capacity; OFFICER
    MARDENE LASHLEY, individually and in
20  her official capacity; OFFICER MARTENS,
    individually and in his official capacity; and
21  DOES 1 through 25, inclusive,
22
                Defendants.
23
24
25       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

26  **NORTHERN DISTRICT OF CALIFORNIA:**

27       PLEASE TAKE NOTICE that Defendants CITY OF PLEASANTON (erroneously

28  sued as Pleasanton Police Department), OFFICER JERRY NICELY, OFFICER

---

DEFENDANTS CITY OF PLEASANTON, OFFICER JERRY NICELY, OFFICER MARDENE LASHLEY, and OFFICER MARTENS'
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

MARDENE LASHLEY, and OFFICER MARTENS (hereinafter "City Defendants") hereby remove to this Court the state court action of *Eugene Forte; et al. v. Hyatt Summerfield Suites; et al.*, Alameda County Superior Court Case No. RG11564165 pursuant to 28 U.S.C. §1441(b).

Specifically, removal is based on the following grounds:

1.      On March 4, 2011, a Summons and Complaint was filed in the Superior Court of the State of California, Alameda County, where this action is now pending as *Eugene Forte; et al.  v. Hyatt Summerfield Suites; et al.*, Alameda County Superior Court Case No. RG11564165.  A true and correct copy of the Summons, Complaint, Notice of Case Management Conference and Order and Notice of Judicial Assignment for All Purposes are attached hereto as Exhibit A.

2.      Defendants were served with a copy of the Summons, Complaint, Notice of Case Management Conference and Order and Alternative Dispute Resolution Package on April 28, 2011.  A copy of the proofs of service as to each City Defendant is attached hereto as Exhibit B.

3.      The City Defendants' answer was filed in Alameda County Superior Court Case No. RG11564165 on May 24, 2011.  A copy of Defendants' answer is attached hereto as Exhibit C.

4.      On May 19, 2011, counsel for plaintiffs file a Motion to Relieved as Counsel.  A copy of the motion and documents in support thereof are attached hereto as Exhibit D.

5. The Complaint asserts causes of action against these removing defendants for violations of the Fourth, Fifth and Fourteenth Amendments to United States Constitution under 42 U.S.C. § 1983 (Compl. ¶¶ 52, 57).  The Complaint also includes state law claims.

6. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 because Plaintiffs have alleged Constitutional violations arising under the laws of

---

DEFENDANTS CITY OF PLEASANTON, OFFICER JERRY NICELY, OFFICER MARDENE LASHLEY, and OFFICER MARTENS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

the United States, namely a violation of Fourth, Fifth and Fourteenth Amendments to the United States Constitution arising under 42 U.S.C. § 1983 (Compl. ¶¶ 52, 57).

7.  This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same set of facts giving rise to Plaintiffs' federal claims such that Plaintiffs' federal law and state law claims "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a)

8.  Removal of this action to this Court is proper under 28 U.S.C. § 1441(b) because removal is based on a claim arising under federal law, namely, Plaintiffs' Fourth, Fifth and Fourteenth Amendments claims arising under 42 U.S.C § 1983.  *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) ("[S]tate-court actions that originally could have been filed in federal court may be removed to federal court by the defendant . . . federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

9.  Venue is proper in the United States District Court for the Northern District of California because this action arises out of occurrences alleged to have taken place in Alameda County, California.  *See* 28 U.S.C. § 1391(b)

10.  This Notice of Removal is hereby filed by City Defendants within thirty (30) days after service of the Summons and Complaint.


Dated:  May 26, 2011                     STUBBS & LEONE


                                         LOUIS A. LEONE, ESQ.
                                         JENNIFER LOGUE, ESQ.
                                         Attorney for Defendants
                                         CITY OF PLEASANTON (erroneously sued
                                         as Pleasant Police Department); OFFICER
                                         JERRY NICELY; OFFICER MARDENE
                                         LASHLEY; and OFFICER MARTENS.

DEFENDANTS CITY OF PLEASANTON, OFFICER JERRY NICELY, OFFICER MARDENE LASHLEY, and OFFICER MARTENS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

3

# EXHIBIT A



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HYATT SUMMERFIELD SUITES PLEASANTON; ANA VILLA,
individually and as employee of HYATT SUMMERFIELD SUITES
PLEASANTON; (Additional Parties attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EUGENE E. FORTE; EILEEN FORTE; GABRIELLE FORTE;
JORDAN FORTE; NOEL FORTE; JUSTON FORTE

**FILED**
ALAMEDA COUNTY

MAR 04 2011

CLERK OF THE SUPERIOR COURT
By _____
Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG11564165 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William A. Lapcevic, Arata, Swingle, Sodhi & Van Egmond
P.O. Box 3287, Modesto, California 95353 P: (209)522-2211

| DATE:<br>*(Fecha)* MAR 04 2011 | Pat S. Sweeten | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Forte, et al. v. Hyatt Summerfield Suites Pleasanton, et al. | |

## INSTRUCTIONS FOR USE

This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PLEASANTON POLICE DEPARTMENT; OFFICER JERRY NICELEY, individually and in his official capacity; OFFICER MARDENE LASHLEY, individually and in her official capacity; OFFICER MARTENS, individually and in his official capacity, and DOES 1 through 25, inclusive

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com



1   William A. Lapcevic, SBN 238893
    ARATA, SWINGLE, SODHI & VAN EGMOND
2   A Professional Law Corporation
    912 11th Street, First Floor (95354)
3   Post Office Box 3287
    Modesto, California 95353
4   Telephone: (209) 522-2211
    Facsimile: (209) 522-2980

5

6   Attorneys for Plaintiffs

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

9

10  EUGENE E. FORTE; EILEEN FORTE;            CASE NO.: RG 11564165
    GABRIELLE FORTE; JORDAN FORTE;
11  NOEL FORTE; JUSTON FORTE,                 COMPLAINT FOR DAMAGES

12              Plaintiffs,                    [Unlimited Civil Jurisdiction – Damages
                                              Exceed $25,000]
13  v.

14  HYATT SUMMERFIELD SUITES
    PLEASANTON; ANA VILLA, individually
15  and as employee of HYATT SUMMERFIELD      **BY FAX**
    SUITES PLEASANTON; PLEASANTON
16  POLICE DEPARTMENT; OFFICER JERRY
    NICELEY, individually and in his official
17  capacity; OFFICER MARDENE LASHLEY,
    individually and in her official capacity;
18  OFFICER MARTENS, individually and in his
    official capacity; and DOES 1 through 25,
19  inclusive,

20              Defendants.

21  _____

22

23       Plaintiffs EUGENE E. FORTE, EILEEN FORTE, GABRIELLE FORTE, JORDAN

24  FORTE, NOEL FORTE, JUSTON FORTE, complain and for causes of action allege as follows:

25                          **GENERAL ALLEGATIONS**

26       1.    Plaintiffs, EUGENE E. FORTE, EILEEN FORTE, GABRIELLE FORTE,

27  JORDAN FORTE, NOEL FORTE, JUSTON FORTE, are residents of the City of Los Banos,

28  County of Merced, State of California.

                                Complaint
                                   -1-

1    2.    Plaintiffs are informed and believe and thereon allege that Defendant HYATT

2  SUMMERFIELD SUITES PLEASANTON (hereinafter referred to as "SUMMERFIELD SUITES")

3  is and at all times herein mentioned was a Corporation organized and existing under the laws of the

4  State of California and is located at 4545 Chabot Drive, Pleasanton, California 94588.

5    3.    Plaintiffs are informed and believe and thereon allege that Defendant ANA VILLA

6  (hereinafter referred to as "VILLA") is and at all times herein mentioned was an employee of

7  Defendant SUMMERFIELD SUITES and was acting in the course and scope of her employment

8  with Defendant SUMMERFIELD SUITES. She is sued individually and in her official capacity.

9    4.    Plaintiffs are informed and believe and thereon allege that PLEASANTON POLICE

10  DEPARTMENT (hereinafter "PPD") is a municipal corporation organized under the laws of the

11  State of California.  It is responsible for the policies, procedures and practices implemented

12  through its various agents, departments and employees and for injury occurred thereby.  It also was

13  the employer of Defendants Officers JERRY NICELY, MARDENE LASHLEY and MARTENS at

14  all times relevant in this complaint.

15    5.    Plaintiffs are informed and believe and thereon allege that Defendant OFFICER

16  JERRY NICELEY (hereinafter referred to as "NICELEY"), Badge No. 136, is and was at all times

17  relevant to this Complaint, a PPD Police Officer.  He is responsible by law for enforcing the

18  regulations of the PPD and the State of California and the United States.  He is sued individually

19  and in his official capacity.

20    6.    Plaintiffs are informed and believe and thereon allege that Defendant MARDENE

21  LASHLEY, (hereinafter referred to as "LASHLEY"), Badge No. 187, is and was at all times

22  relevant to this Complaint, a PPD Police Officer.  She is responsible by law for enforcing the

23  regulations of the PPD and the State of California and the United States.  She is sued individually

24  and in her official capacity.

25    7.    Plaintiffs are informed and believe and thereon allege that Defendant OFFICER

26  MARTENS (hereinafter referred to as "MARTENS") is and was at all times relevant to this

27  Complaint, a PPD Police Officer.  He is responsible by law for enforcing the regulations of the

28  PPD and the State of California and the United States.  He is sued individually and in her official

1  capacity.

2        8.    All of the PPD Police Officer Defendants, and each of them, were acting under

3  color of state law and pursuant to their respective authorities as police officers.  All PPD Police

4  Officer Defendants were engaged in ministerial duties and in carrying out those duties, all violated

5  clearly established constitutional rights of which a reasonable person would have been aware.

6        9. .   The true names and capacities, whether individual, corporate, associate or otherwise

7  of the Defendants herein designated as DOES 1 through 25, inclusive, are unknown to Plaintiffs

8  who, therefore, sue said Defendants by such fictitious names.  Plaintiffs allege that each named

9  Defendant herein designated as DOE is negligently, intentionally, recklessly, wantonly,

10  contractually or otherwise legally responsible for the events and happenings herein referred to and

11  proximately caused injury and damages thereby to Plaintiffs, as herein alleged.  Plaintiffs will ask

12  leave of the Court to amend this Complaint to insert the true names and capacities of such

13  Defendants when same have been ascertained and will further ask leave to join said Defendants in

14  these proceedings.  These DOE Defendants are sued in their individual and official capacities.

15                           **JURISDICTION**

16       · 10.    This Court has jurisdiction of this action because the alleged intentional and

17  negligent acts occurred in Pleasanton, California, which is within Alameda County.

18       11. ·   On September 2, 2010, in compliance with Government Code Section 910 et seq.,

19  Plaintiff EUGENE E. FORTE filed a claim against the City of Pleasanton for damages based on

20  the events and allegations described herein (hereinafter "the Claim").  A true and correct copy of

21  the Claim is attached hereto as Exhibit "A" and is incorporated herein by reference.

22       12.    The Claim was rejected in its entirety by City on October 15, 2010.  A true and

23  correct copy of the City's letter rejecting the Claim is attached hereto as Exhibit "B" and is

24  incorporated herein by reference.

25                **PRELIMINARY FACTUAL ALLEGATIONS**

26       13.    Plaintiff EUGENE FORTE's career is running a local government watchdog agency

27  which publishes the Badger Flats Times.  Through his publicity, Plaintiff EUGENE FORTE has

28  effectively uncovered various cases of political corruption in the Los Banos community.

14.     Shortly before the incident, Plaintiff EUGENE FORTE had uncovered and published information which did not present an elected official of Los Banos in the best light. Due to the small community of Los Banos and the allegation of corruption Plaintiff EUGENE FORTE exposed, he received a death threat made by one of the students of a local high school, who was a student and also friends of the elected official of Los Banos. Further Plaintiff EUGENE FORTE and his family were subject to other inappropriate comments.

15.     To get his family away from the tense situation in Los Banos, Plaintiff took his wife, Plaintiff EILEEN FORTE, and his children, GABRIELLE FORTE, age 20, JORDAN FORTE, age 17, NOEL FORTE, age 14, JUSTON FORTE, age 12, to Pleasanton for a long weekend.

16.     On or about March 6, 2010, Plaintiffs prepaid a hotel room for two nights and checked into the Defendant SUMMERFIELD SUITES.

17.     At or about 9:45 a.m., Plaintiff EUGENE FORTE attended the complimentary breakfast in the cafeteria area of the SUMMERFIELD SUITES. While returning to his room, Plaintiff EUGENE FORTE passed the front desk and placed a copy of his recent edition of the Badger Flats Gazette on the front desk.

18.     Upon returning to his room, Plaintiff EUGENE FORTE received a call from Defendant VILLA. Defendant VILLA informed Plaintiff EUGENE FORTE that he and his family must leave the premises immediately.

19.     Having checked into the hotel for two prepaid nights and not having been given any reason why he and his family were being forced to leave, Plaintiff EUGENE FORTE refused Defendant VILLA's request. However, within five minutes, there was a knocking at the door on which a "Do Not Disturb" sign was placed. The visitor turned out to be the Defendant VILLA who stated through the door that Plaintiff EUGENE FORTE and his family had to leave immediately.

20.     Plaintiff EUGENE FORTE informed Defendant VILLA that she should not disturb his family, and if she was going to try and force them to leave the property, then he would call the police. However, Defendant VILLA had taken it upon herself to bring Defendant Officers of the PPD with her to the door. The Defendant PPD Officers informed Plaintiff EUGENE FORTE and

1   his family that "they must vacate the room because the manager did not want them there." The

2   PPD Officers went on to state that based on what the manager had read in the Badger Flats Gazette

3   articles, they feared Plaintiff's family might be in danger. At that time, Plaintiff EUGENE FORTE

4   opened the drapes, and his family members were standing right there and informed the officers

5   they were in no danger and to please leave them alone. However, instead of leaving the patrons of

6   the Summerfield Suites' room, the PPD Officers began to forcibly enter the Plaintiffs' room. As

7   the PPD Officers forced their way into the room, Plaintiff EUGENE FORTE suffered a minor

8   laceration to his hand as a PPD Officer attempted to cut the door's safety latch. Plaintiff EUGENE

9   FORTE repeatedly asked the PPD Officers to cease trying to force entry into the room and stated

10  that it was scaring his family.

11      21.     Plaintiff EUGENE FORTE and his family were nervous, and his youngest daughter,

12  Plaintiff NOEL FORTE, was crying uncontrollably. Eventually, the PPD Officers agreed to

13  remove the jamming device from the door and further agreed not to try to make an entry into the

14  room. It was at that time that Plaintiff EUGENE FORTE told the PPD Officers that he and his

15  family would come outside and sit by the pool because his children were upset by the police

16  presence. Plaintiff EUGENE FORTE exited the room to the pool area with three of his children,

17  Plaintiffs GABRIELLE FORTE, JORDAN FORTE and JUSTON FORTE. EILEEN FORTE and

18  NOEL FORTE remained in the room.

19      22.     While Plaintiff EUGENE FORTE talked with the PLEASANTON PPD Officers, he

20  heard EILEEN FORTE screaming back by the room. As he approached Plaintiff EILEEN FORTE

21  to see why she was screaming, one of the PPD Officers had removed his stun gun and had his other

22  hand on his service revolver. It turned out that EILEEN FORTE was upset that the officer had

23  closed the door while leaving their 14 year old daughter, NOEL FORTE, alone in the room, still

24  upset from the police presence. At this time, the PPD Officers began ruffling through EILEEN

25  FORTE's purse and going through their clothing.

26      23.     Finally, based on the Defendant VILLA's statements to the PPD Officers, they

27  decided to send Plaintiff EUGENE FORTE for medical attention. Five PPD Officers forcibly

28  pushed Plaintiff EUGENE FORTE onto the ground and then forcibly handcuffed him to an

1    ambulance gurney and placed him in an ambulance.  For a period of 45 minutes, he laid in the

2    ambulance handcuffed to a gurney, extremely stressed over what was happening to his family.  All

3    of this occurred based on representations made by Defendant VILLA to members of the Defendant

4    PPD.

5        24.    Based on the Defendant VILLA's statements false allegations to the PPD Officers,

6    PPD Officers wrongfully sent Plaintiff EUGENE FORTE for medical observation and treatment at

7    a local hospital.  The treatment which was not requested and which Plaintiff EUGENE FORTE

8    declined had totaled the amount of $35,500.65.

9        25.    Plaintiff EUGENE FORTE had no insurance at the time, and the bill collectors are

10   calling as these outstanding amounts are over 90 days past due.  Based on my experience in

11   medical billings, there will be interest assessed on the amounts outstanding.

12                        FIRST CAUSE OF ACTION
                      (Wrongful Eviction against All Defendants)
13

14       26.    Plaintiffs reallege and incorporate paragraphs 1 through 25 as if specifically alleged

15   herein.

16       27.    Plaintiff and his family prepaid for two nights' stay at Defendant SUMMERFIELD

17   SUITES.  Plaintiff arrived at the Defendants' premises and did not bring any contraband or engage in

18   any unlawful activity at any time during his stay.

19       28.    Defendant VILLA and Officers of Defendant PPD forcibly removed Plaintiff and

20   threatened his family to leave the premises.

21       29.    The actions of the Defendants constituted a wrongful eviction and were the actual and

22   proximate cause of Plaintiff's harm.

23                       SECOND CAUSE OF ACTION
                  (False Arrest and False Imprisonment against All Defendants)
24

25       30.    Plaintiffs reallege and incorporate paragraphs 1 through 29 as if specifically alleged

26   herein.

27       31.    Plaintiff EUGENE FORTE was wrongfully arrested by Defendant PPD Police

28   Officers Jerry Nicely, Mardene Lashley, Office Martens and Does 1 through 25.

32.     Defendant ANA VILLA intentionally caused Plaintiff EUGENE FORTE to be wrongfully arrested by falsely stating that he had been disturbing the guests.

33.     Plaintiff EUGENE FORTE had not committed any crime for which to be arrested nor had he brought in contraband to the premises or solicited business from the occupants of the hotel.

34.     Plaintiff EUGENE FORTE was harmed by such false arrest and false imprisonment by being humiliated in front of his family

35.     All Defendants' conduct was a substantial factor in causing Plaintiff EUGENE FORTE's humiliation and medical expenses.

### THIRD CAUSE OF ACTION
(Negligent Infliction of Emotional Distress against All Defendants)

36.     Plaintiffs reallege and incorporate paragraphs 1 through 35 as if specifically alleged herein.

37.     Defendants were negligent in their eviction and detention of Plaintiff and his family.

38.     Plaintiff and his family have suffered emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame from Defendants negligent actions.

39.     Defendants' negligence was a substantial factor in causing Plaintiffs' serious emotional distress.

### FOURTH CAUSE OF ACTION
(Assault against All Defendants)

40.     Plaintiffs reallege and incorporate paragraphs 1 through 39 as if specifically alleged herein.

41.     All Defendants harmed Plaintiff EUGENE FORTE by intending to cause harmful and offensive contact on Plaintiff EUGENE FORTE.

42.     After Plaintiff EUGENE FORTE was wrongfully removed from his room, he was surrounded by four armed PPD Officers and reasonably believed that he was about to be touched in a harmful and offensive manner.

1    43.    Plaintiff EUGENE FORTE declined all recommendations by Defendants for

2  medical treatment.

3    44.    This contact was offensive to a reasonable sense of personal dignity as he was

4  forced to the ground by Defendants in front of his family.

5    45.    Plaintiff EUGENE FORTE was harmed and Defendants' conduct was a substantial

6  factor in causing Plaintiff EUGENE FORTE's harm.

7              FIFTH CAUSE OF ACTION
              (Battery against All Defendants)

8

9    46.    Plaintiffs reallege and incorporate paragraphs 1 through 45 as if specifically alleged

10  herein.

11    47.    Defendant PPD Officers JERRY NICELY, MARDENE LASHLEY, MARTENS

12  harmed Plaintiff EUGENE FORTE by using excessive, unwarranted, and unnecessary force to

13  detain him.

14    48.    Defendants intentionally caused Plaintiff EUGENE FORTE to be forced to the

15  ground and handcuffed to the gurney. Additionally, the Defendant PPD Officers cut Plaintiff's

16  hand while trying to forcibly entering his room.

17    49.    Plaintiff did not consent to the use of that force and begged with the Defendant PPD

18  Officers to leave his family alone.

19    50.    Plaintiff was harmed and the use of Defendant PPD Police Officers and DOES

20  Defendants' used of unreasonable force was a substantial factor in causing Plaintiff's harm.

21    51.    Plaintiff EUGENE FORTE had not committed any crime. Plaintiff EUGENE

22  FORTE did not reasonably appear to pose an immediate threat to the safety of the PPD Police

23  Officers or others. Plaintiff EUGENE FORTE was not actively resisting arrest or attempting to

24  evade arrest.

25  ////////

26  ////////

27  ////////

28  ////////

SIXTH CAUSE OF ACTION

(Civil Rights Violations – 42 U.S.C. 1983 against Officer Jerry Nicely, Officer Mardene Lashley, Officer Martens and Pleasanton Police Department)

52.    Plaintiffs reallege and incorporate paragraphs 1 through 51 as if specifically alleged herein.

53.    At all times relevant herein, the conduct of Defendants PPD Police Officers and Does 25 through 35 were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

54.    Acting under the color of law, Defendants PPD Police Officers and Does 1 through 25 worked a denial of Plaintiff EUGENE FORTE's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

(a)    by depriving Plaintiff EUGENE FORTE of his liberty without due process of law, by taking him into custody and holding him there against his will,

(b)    by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff EUGENE FORTE equal protection of laws,

(c)    by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

55.    Based on Defendants' actions, Plaintiff EUGENE FORTE was held against his will and suffered including emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame

SEVENTH CAUSE OF ACTION

(Violations of 42 U.S.C. 1983: Detention and Confinement against All Defendants)

56.    Plaintiffs reallege and incorporate paragraphs 1 through 55 as if specifically alleged herein.

57.    As a result of their **concerted unlawful and malicious detention and confinement** of Plaintiff EUGENE FORTE, Defendants PPD Police Officers deprived Plaintiff EUGENE FORTE of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of

the Constitution of the United States and 42 U.S.C. sec. 1983.

EIGHTH CAUSE OF ACTION
(Refusing or Neglecting to Prevent against All Defendants)

58.     Plaintiffs reallege and incorporate paragraphs 1 through 57 as if specifically alleged herein.

59.     At all times relevant to this Complaint, Defendants PPD Police Officers were acting under the direction and control of Defendant PPD.

60.     Acting under color of law and pursuant to official policy or custom, Defendants PPD Police Officers knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

 (a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

 (b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

 (c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Massachusetts; and

 (d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

61.     Defendant PPD Officers had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants PPD Police Officers had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

62.     Defendant PPD directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore

1  described.

2       63.     As a direct and proximate cause of the negligent and intentional acts of Defendants

3  PPD Police Officers and DOES 1 through 25 as set forth in paragraphs 1 through 62 above, Plaintiff

4  EUGENE FORTE suffered physical injury and severe mental anguish including but not limited to

5  emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry,

6  shock, humiliation, and shame in connection with the deprivation of his constitutional and statutory

7  rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States

8  and protected by 42 U.S.C. sec. 1983.

9       64.     Defendant PPD is directly liable and responsible for the acts of DOE Officers because

10  they repeatedly and knowingly failed to enforce the laws of the State of California and the regulations

11  of the PPD pertaining to the search, arrest and detention of Plaintiff EUGENE FORTE, thereby

12  creating an atmosphere of lawlessness in which Defendants intentionally deprive their victims of

13  liberty without probable cause in the belief that such acts will be condoned and justified by their

14  superiors.

15       WHEREFORE, Plaintiffs' demand Judgment in their favor against HYATT SUMMERFIELD

16  SUITES PLEASANTON, ANA VILLA, OFFICER JERRY NICELEY, OFFICER MARDENE

17  LASHLEY, OFFICER MARTENS, PLEASANTON POLICE DEPARTMENT and DOES 1 through

18  25, inclusive, jointly and severally, as follows:

19       1.    Compensatory damages in an amount to be proven at trial;

20       2.    Costs and disbursements of this action, including attorneys fees;

21       3.    Punitive damages against HYATT SUMMERFIELD SUITES PLEASANTON,

22            ANA VILLA, OFFICER JERRY NICELEY, OFFICER MARDENE LASHLEY,

23            OFFICER MARTENS, PLEASANTON POLICE DEPARTMENT and DOES 1

24            through 25, inclusive;

25  ////////

26  ////////

27  ////////

28  ////////

1    4.    For such other and further relief as the Court may deem just and equitable.

2

3  DATED:  March 4, 2011.

4                                    ARATA, SWINGLE, SODHI & VAN EGMOND
                                     A Professional Law Corporation
5

6
                                     By_____
7                                           William A. Lapcevic
                                            Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

## CLAIM PRESENTED TO THE CITY OF PLEASANTON

*Please read the instructions on the back before completing.*

| | |
|---|---|
| 1. Claimant's Name: *(Please Print)*   Gene Forte | Reserved for Filing Stamp |
| Claimant's Address:   1312 Sierra Creek Ct | RECEIVED |
| City, State, Zip:   Patterson CA 95363 | SEP 0 2 2010 |
| Day Phone: (209) 894-5040   Evening: ( ) same | CITY CLERK OFFICE |
| | City Claim No.: |

**2. When did the damage or injury occur?**

Month: March    Day: 6    Year: 2010    Time: 10:00 (a.m.) or p.m.

**3. At which location did the damage or injury occur?**    Police Report No. (if available):

Hyatt Summerfield Suites, 4545 Chabot Dr Pleasanton, CA 94588

**4. a. What happened and why is the City responsible?**

Summary: Pleasanton Police Dept. forced and locked Forte and his family
out of their prepaid hotel room with no valid reason, assaulted Forte, and broke
into room w/o permission → see attachment for details.

b. Name and position of responsible City Employee(s), if known: _____

**5. What damage or injury occurred?**

Caused and inflicted emotional and physical stress resulting in
110/130 blood pressure and anxiety — incurred ~ $35,000 in hospital
fees, violation of Forte's civil rights.

**6. Claim amount:**

$ 1,050,000

**7. How did you arrive at the amount claimed? Please attach documentation.**

Hospital bills plus punitive damages

**8.** I declare that the information provided above is true and correct, and that this declaration was executed on Sept 2 2010, at
Patterson     CA.

_____
Signature of Claimant or Representative

**9. Official Notices and Correspondence - If represented by an insurance company or an attorney, provide the following information:**

Name and Capacity: *(please print)* _____

Address: _____

City, State, Zip: _____

Day Phone: _____   Evening.: _____

### ATTACHMENT TO CLAIM PRESENTED TO THE CITY OF PLEASANTON
#### Submitted by Eugene Forte

On the morning of March 6, 2010, the Pleasanton police department arrived at the hotel and attempted to break into Forte's prepaid hotel room in order to throw Forte out of his room at the request of the hotel. The police did not at any time tell Forte that he had done something against the law nor that he was doing something to break the law. The police stood outside the door for over an hour where they could see Forte's children through the window. They were told and shown by Forte's wife, upon their request, that Forte was not the danger to her or the children, but that the police were the ones upsetting everybody.

When the police could not jimmy the bolt on the hotel room door, they tricked Forte into thinking they were not going to force Forte to leave the hotel. Forte, in an effort to show his children that everything was alright, stated to the police that he was going to have his family sit by the pool in a semblance of normalcy (except his one daughter that was upset by the police standing outside the room for over an hour and who laying down in the inner bedroom).

When Forte and his family (except his one daughter) stepped out of the room, the police grabbed the door behind them and locked Forte and his family out of the hotel room for no valid reason. They knew Forte did not have his key with him and could not re-enter the room. They forcibly prevented Forte or his wife from re-entering their room under threat of being tasered. The police physically prevented Forte and his wife from knocking on the door and asking their daughter, who was still in the inner bedroom laying down, to open the door for them.

Instead, they entered Forte's hotel rooms without permission, woke up Forte's daughter and led her outside, then removed some personal possessions and put those possessions outside.

After standing around speaking with Forte peacefully for many minutes, one police officer told Forte it looked like Forte needed medical attention for the cut on his hand caused by the jimmy they had stuck through the door previously in trying to open the hotel door. Forte said no, he did not, then suddenly, several Pleasanton police officers jumped and assaulted Forte with no warning, pushing him to the ground and then strapping him against his will onto a guerney that had just arrived. He was handcuffed to the guerney and could not move.

At that time, Forte thought he was being arrested. The police told him that he was NOT being arrested but was being taken away for medical assistance, allegedly for the cut on his hand.

The paramedics took Forte's blood pressure and saw that it was escalated to over 190/130, yet, knowing such, kept the ambulance sitting in the parking lot for at least 45 minutes while they spoke to one of the police officers (the one that had the sunglasses on), endangering Forte's life.

After the paramedics rolled Forte away, Officer Nickleburgh and a large white, darkhaired woman officer threatened arrest of Forte's wife if Forte's wife and children did not leave the hotel room. Officers were standing uninvited in the hotel rooms and would not leave despite repeated requests.

After standing around for the 45 minutes, the paramedics then took Forte to the nearest hospital where he was admitted to the intensive care unit and kept for two days until Forte was out of danger from having a heart attack (he had had open heart surgery in 2004). Prior to release, a psychiatrist told Forte's wife that he needed to evaluate Forte to see if he was a danger to himself or his family. He then evaluated Forte and ruled that he was not.

The treatment of Forte by the police officers contributed significantly to emotional anxiety and stress suffered by Forte across the following weeks.

NAMES OF RESPONSIBLE PERSONS:

        Sergeant Nickleburgh (?)
        A large white woman, maybe 30-something, brown hair
        Male officer with dark sunglasses was particularly offensive and mean, and was the one that stood outside the ambulance talking to the ambulance workers for 45 minutes.
        Several other male officers' names not recalled at this time, although they can all be recognized from the photos and video recordings taken at the time of the incident.

EXHIBIT "B"



THE CITY OF

# PLEASANTON.

October 15, 2010

Gene Forte
1312 Sierra Creek Court
Patterson, CA 95363

Re:  NOTICE OF REJECTION OF CLAIM

Dear Mr. Forte:

I am in receipt of your claim that you submitted on September 2, 2010, with the City of Pleasanton.

NOTICE IS HEREBY GIVEN that your claim has been rejected as of the date of this letter.

WARNING:  Subject to certain exceptions, you have only six months from the date this notice was deposited in the mail to file a court action on this claim.  See California Government Code Section 945.6.  You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,

Julie Harryman
Assistant City Attorney

c:  George Hills Company

P. O. Box 520, Pleasanton, CA 94566-0802                123 Main Street

City Manager          City Attorney          Economic Development          City Clerk
(925) 931-5002        (925) 931-5015         157 Main Street                (925) 931-5027
Fax:  931-5482        Fax:  931-5482         (925) 931-5038                 Fax:  931-5488
                                             Fax:  931-5476

Arata, Swingle, Sodhi & Van Egmond
Attn: Lapcevic, William A.
912 11th Street
First Floor (95354), Post Box 3287
Modesto, CA  95353

---

## Superior Court of California, County of Alameda

| | | |
|---|---|---|
| Forte | | No. RG11564165 |
| | Plaintiff/Petitioner(s) | |
| VS. | | **NOTICE OF CASE MANAGEMENT** |
| | | **CONFERENCE AND ORDER** |
| Hyatt Summerfield Suites Pleasanton | | Unlimited Jurisdiction |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 07/18/2011<br>Time: 03:00 PM | Department: 22<br>Location: **Administration Building**<br>**Fourth Floor**<br>**1221 Oak Street, Oakland  CA 94612**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Robert McGuiness**<br>Clerk: **Kathy McKean**<br>Clerk telephone: **(510) 267-6938**<br>E-mail:<br>**Dept.22@alameda.courts.ca.gov**<br>Fax: **(510) 267-1574** |

### ORDERS

1. You must:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30 calendar days** before the date set for the Case Management Conference;
   d. **File and serve a completed Case Management Statement** (use of Judicial Council Form CM-110 is mandatory) at least **15 days** before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

   * Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.
   †Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/09/2011.

By    *R. de Jesus*

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes
## Effective on December 27, 2010

Case Number: RG11564165
Case Title:    Forte VS Hyatt Summerfield Suites Pleasanton
Date of Filing: 03/04/2011

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

|  |  |
|---|---|
| Judge: | Robert McGuiness |
| Department: | 22 |
| Address: | Administration Building |
|  | 1221 Oak Street |
|  | Oakland  CA  94612 |
| Phone Number: | (510) 267-6938 |
| Fax Number: | (510) 267-1574 |
| Email Address: | Dept.22@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO<br>
JUDGE Robert McGuiness

## DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Counsel are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org). (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause shown. Non-emergency scheduling conflicts is not good cause. (3) The court appreciates receiving courtesy copies of motions for summary judgment or adjudication, but otherwise, unless directed, counsel should refrain from lodging or emailing courtesy copies. (4) All references to "counsel" in this order apply equally to self-represented parties, who should know that there is a Self-Help Center at Rene C. Davidson Courthouse, room 109, 1225 Fallon Street, Oakland. (5) Email requests for motion dates preferred. Remember: Email is NOT a substitute for filing of pleadings/documents. (6) The court does provide an expedited informal discovery resolution procedure which MUST be followed before filing a discovery motion. Contact the clerk for details.

## Schedule for Department 22

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Dept. 22 should be by e-mail with copies to all counsel after conferring about proposed dates.

- Trials generally are held: Mondays through Thursdays, 8:30 a.m. to 1:30 p.m. with two breaks and Fridays, 8:30 a.m. to noon with one break. A pretrial conference is generally scheduled 3 weeks before trial at 2:00 p.m. on a Friday. Personal appearance required.

- Case Management Conferences are held: Mondays through Thursdays at 3:00 p.m. Timely filed and complete case management conference statements may obviate the need for in person conferences. Check the Register of Actions on Domain 2 days in advance. Further details listed below*

- Law and Motion matters are heard: Wednesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 22 to obtain a reservation. Limited hearings are available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard: Court resources are limited. Counsel encouraged to consider alternative dispute resolution options. Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Applications are considered only on moving papers and any written response.  Email Dept. 22 to advise when papers will be filed and give notice to other side and advise same that written opposition must be filed in 24 hours.
- *Parties shall check the Register of Action at least 2 days prior to the Case Management Conference for a tentative case management order.  If published, the tentative case management order will become the order of the court unless counsel or self represented party notifies the court and opposing party by email, fax or telephone not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order, and specifies the nature of the party's concern. The court's e-mail is Dept.22@alameda.courts.ca.gov.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.22@lameda.courts.ca.gov

- Ex Parte Matters
  Email:        Dept.22@lameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 22
- Phone:  1-866-223-2244

Dated:  03/08/2011          _Yon L. Relyea_ facsimile
_____
                              Presiding Judge,
                Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/09/2011

By _____

Deputy Clerk

# EXHIBIT B



ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William L. Lapcevic, 238893
Arata, Swingle, Sodhi & Van Egmond
912 11th Street/P.O. Box 1098
Modesto, CA 95353

TELEPHONE NO.: (209) 522-2211    FAX NO. (Optional): (209) 522-2980
E-MAIL ADDRESS (Optional): blapcevic@arata-law.com
ATTORNEY FOR (Name): Plaintiffs

**FOR COURT USE ONLY**

# FILED
## ALAMEDA COUNTY
### MAY 1 0 2011
CLERK OF THE SUPERIOR COURT
By _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Eugene E. Forte, et al.

DEFENDANT/RESPONDENT: Hyatt Summerfield Suites Pleasanton, et al.

CASE NUMBER:
RG11564165

*PROOF OF SERVICE OF SUMMONS*

Ref. No. or File No.:

---

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☒ summons

   **BY FAX**

   b. ☒ complaint

   c. ☒ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet (served in complex cases only)

   e. ☐ cross-complaint

   f. ☒ other (specify documents): Notice of Case Management Conference and Order and Blank Case Management Statement

3. a. Party served (specify name of party as shown on documents served):
      Officer Martens, individually and in his official capacity

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
      Karen Gonzales(Deputy City Clerk)

4. Address where the party was served:  123 Main St. Pleasanton,Ca.

5. I served the party (check proper box)

   a. ☒ by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 4/28/11    (2) at (time): 10:14a.m.

   b. ☐ by substituted service.   On (date):          at (time):         I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) ☐ (business)  a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown)   a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):          from (city):          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence  stating actions taken first to attempt personal service.

*Page 1 of 2*

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

*PROOF OF SERVICE OF SUMMONS*

Code of Civil Procedure, § 417.10



| PLAINTIFF/PETITIONER: Eugene Forte, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Summerfield Suites, et al. | RG11564165 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):                          (2) from (city):

   (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** (specify means of service and authorizing code section):

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☒ as an individual defendant.  and in his official capacity

   b. ☐ as the person sued under the fictitious name of (specify):

   c. ☐ as occupant.

   d. ☐ On behalf of (specify):

   under the following Code of Civil Procedure section:

   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   |---|---|
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**

   a. Name: Mark Zurilgen, Valley Courier & Process Service

   b. Address: P.O. Box  1324, Modesto, CA 95353

   c. Telephone number: (209) 578-3020

   d. The fee for service was: $    60.00

   e. I am:

   (1) ☐ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☒ a registered California process server:

   (i) ☒ owner   ☐ employee   ☐ independent contractor.

   (ii) Registration No.: 08-001

   (iii) County: Stanislaus

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

Mark Zurilgen
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)




| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William A. Lapcevic, 238893
Arata, Swingle, Sodhi & Van Egmond
912 11th Street/P.O. Box 1098
Modesto, CA 95353
TELEPHONE NO.: (209) 522-2211   FAX NO. (Optional): (209) 522-2980
E-MAIL ADDRESS (Optional): blapcevic@arata-law.com
ATTORNEY FOR (Name): Plaintiffs

**FILED**
**ALAMEDA COUNTY**

MAY 10 2011

CLERK OF THE SUPERIOR COURT
By _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Eugene E. Forte, et al.

DEFENDANT/RESPONDENT: Hyatt Summerfield Suites Pleasanton, et al.

CASE NUMBER:
RG11564165

Ref. No. or File No.:

PROOF OF SERVICE OF SUMMONS

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

**BY FAX**

  a.  [X]  summons

  b.  [X]  complaint

  c.  [X]  Alternative Dispute Resolution (ADR) package

  d.  [ ]  Civil Case Cover Sheet (served in complex cases only)

  e.  [ ]  cross-complaint

  f.  [X]  other (specify documents): Notice of Case Management Conference and Order and Blank Case Management Statement

3. a. Party served (specify name of party as shown on documents served):
    Officer Martens, individually and in his official capacity

  b.  [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
    Karen Gonzales(Deputy City Clerk)

4. Address where the party was served: 123 Main St. Pleasanton,Ca.

5. I served the party (check proper box)

  a.  [x]  by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 4/28/11   (2) at (time): 10:14a.m.

  b.  [ ]  by substituted service.   On (date):   at (time):   I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

    (1)  [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2)  [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3)  [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):   from (city):   or [ ] a declaration of mailing is attached.

    (5)  [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

*Page 1 of 2*




| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Eugene Forte, et al. | RG11564165 |
| DEFENDANT/RESPONDENT: Hyatt Summerfield Suites, et al. | |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):         (2) from (city):

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.  and in his official capacity
  b. ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant.
  d. ☐ On behalf of (specify):
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                         ☐ other:

7. **Person who served papers**
  a. Name: Mark Zurilgen, Valley Courier & Process Service
  b. Address: P.O. Box  1324, Modesto, CA 95353
  c. Telephone number: (209) 578-3020
  d. The fee for service was: $  60.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☒ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.: 08-001
      (iii) County: Stanislaus

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

Mark Zurilgen
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

*9391220*

POS-010



| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William A. Sapcevic, 238893
Arata, Swingle, Sodhi & Van Egmond
912 11th Street/P.O. Box 1098
Modesto, CA 95353
TELEPHONE NO.: (209) 522-2211     FAX NO. (Optional): (209) 522-2980
E-MAIL ADDRESS (Optional): blapcevic@arata-law.com
ATTORNEY FOR (Name): Plaintiffs

FILED
ALAMEDA COUNTY
MAY 1 0 2011
CLERK OF THE SUPERIOR COURT
By _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Eugene E. Forte, et al.

DEFENDANT/RESPONDENT: Hyatt Summerfield Suites Pleasanton, et al.

| CASE NUMBER: |
|---|
| RG11564165 |

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet (served in complex cases only)
   e. ☐ cross-complaint
   f. ☒ other (specify documents): Notice of Case Management Conference and Order and Blank Case Management Statement

**BY FAX**

3. a. Party served (specify name of party as shown on documents served):
   Officer Jerry Nicely, individually and in his official capacity

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

   Karen Gonzales(Deputy City Clerk)

4. Address where the party was served:  123 Main St. Pleasanton,Ca.

5. I served the party (check proper box)
   a. ☒ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on (date): 4/28/11    (2) at (time): 10:14a,m.
   b. ☐ by substituted service.  On (date):        at (time):        I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) ☐ (business)  a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home)  a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown)  a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):        from (city):        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence  stating actions taken first to attempt personal service.

*Page 1 of 2*

 

| PLAINTIFF/PETITIONER: Eugene Forte, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Summerfield Suites, et al. | RG11564165 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):         (2) from (city):

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** (specify means of service and authorizing code section):

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.  and in his official capacity
  b.  ☐  as the person sued under the fictitious name of (specify):
  c.  ☐  as occupant.
  d.  ☐  On behalf of (specify):
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
                           ☐ other:

7.  Person who served papers
  a.  Name: Mark Zurilgen, Valley Courier & Process Service
  b.  Address: P.O. Box 1324, Modesto, CA 95353
  c.  Telephone number: (209) 578-3020
  d.  The fee for service was: $ 60.00
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☒ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 08-001
      (iii) County: Stanislaus

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

Mark Zurilgen
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE )



POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William A. Lapcevic, 238893<br>Arata, Swingle, Sodhi & Van Egmond<br>912 11th Street/P.O. Box 1098<br>Modesto, CA 95353<br>TELEPHONE NO.: (209) 522-2211    FAX NO. (Optional): (209) 522-2980<br>E-MAIL ADDRESS (Optional): blapcevic@arata-law.com<br>ATTORNEY FOR (Name): Plaintiffs | FILED<br>ALAMEDA COUNTY<br>MAY 1 0 2011<br>CLERK OF THE<br>BY _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
  STREET ADDRESS: 1221 Oak Street
  MAILING ADDRESS: 1221 Oak Street
  CITY AND ZIP CODE: Oakland, CA 94612
  BRANCH NAME:

| PLAINTIFF/PETITIONER: Eugene E. Forte, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Summerfield Suites Pleasanton, et al. | RG11564165 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package    **BY FAX**
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents): Notice of Case Management Conference and Order and Blank Case Management Statement

3. a. Party served (specify name of party as shown on documents served):
   **Pleasanton Police Department**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
   **Karen Gonzales(deputy City Clerk)**

4. Address where the party was served:    **123 Main St.Pleasanton,Ca.**

5. I served the party (check proper box)
   a. [x] by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 4/28/11   (2) at (time): 10:14a.m.
   b. [ ] by substituted service.   On (date):    at (time):    I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) [ ] (business)  a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown)   a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):    from (city):    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence   stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |

 

| PLAINTIFF/PETITIONER: Eugene Forte, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Summerfield Suites, et al. | RG11564165 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on (date):             (2) from (city):

      (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** (specify means of service and authorizing code section):

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of (specify):
  c.  ☐  as occupant.
  d.  ☒  On behalf of (specify):  **Pleasanton Police Department**
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name: Mark Zurilgen, Valley Courier & Process Service
  b.  Address: P.O. Box  1324, Modesto, CA 95353
  c.  Telephone number: (209) 578-3020
  d.  The fee for service was: $ `60.00`
  e.  I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
        (i) ☒ owner  ☐ employee  ☐ independent contractor.
        (ii) Registration No.: 08-001
        (iii) County: Stanislaus

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      **or**

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

Mark Zurilgen
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE )

# EXHIBIT C

1    LOUIS A. LEONE, ESQ. (SBN: 099874)
2    JENNIFER N. LOGUE, ESQ. (SBN: 241910)
     **STUBBS & LEONE**
3    2175 N. California Blvd., Suite 900
     Walnut Creek, CA  94596
4    Telephone: (925) 974-8600
5    Facsimile: (925) 974-8601

6    Attorneys for Defendants
     CITY OF PLEASANTON (erroneously sued
7    as Pleasanton Police Department); OFFICER
     JERRY NICELY; OFFICER MARDENE LASHLEY;
8    and OFFICER MARTENS

9

10              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                         COUNTY OF ALAMEDA

12   EUGENE E. FORTE; EILEEN FORTE;          Case No.:  RG11564165
     GABRIELLE FORTE; JORDAN FORTE;
13   NOEL FORTE; JUSTON FORTE,               **ANSWER OF DEFENDANTS CITY OF
                                             PLEASANTON, OFFICER JERRY
14                                           NICELY, OFFICER MARDENE
                    Plaintiff,               LASHLEY, and OFFICER MARTENS TO
15        vs.                                PLAINTIFFS' UNVERIFIED COMPLAINT
                                             FOR DAMAGES**
16   HYATT SUMMERFIELD SUITES
17   PLEASANTON; ANA AVILLA, individually
     and as employee of  HYATT
18   SUMMERFIELD SUITES PLEASANTON;
     PLEASANTON POLICE DEPARTMENT;
19   OFFICER JERRY NICELY, individually
20   and in his official capacity; OFFICER
     MARDENE LASHLEY, individually and in
21   her official capacity; OFFICER MARTENS,
     individually and in his official capacity; and
22   DOES 1 through 25, inclusive,

23             Defendants.
24

25          COMES NOW defendants, CITY OF PLEASANTON (erroneously sued as

26   Pleasanton Police Department), OFFICER JERRY NICELY, OFFICER MARDENE

27   LASHLEY, and OFFICER MARTENS TO PLAINTIFFS' UNVERIFIED COMPLAINT
28

---

ANSWER OF DEFENDANTS CITY OF PLEASANTON, OFFICER JERRY NICELY, OFFICE MARDENE LASHLEY, and OFFICER
MARTENS TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES
1

for their answer to the unverified Complaint for damages of EUGENE E. FORTE, EILEEN FORTE, GABRIELLE FORTE, JORDAN FORTE, NOEL FORTE, and JUSTON FORTE, on file herein, admit, deny and allege as follows:

**GENERAL DENIAL**

Under the provisions of Section 431.30(d) of the California Code of Civil Procedure, these answering defendants deny each and every, all and singular, generally and specifically, the allegations contained in said Complaint, and further deny that plaintiffs have been damaged in any sum or sums, or at all, by reason of any act or omission on the part of these answering defendants.

**AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering Defendants allege that neither the Complaint nor any of the alleged causes of action therein state facts sufficient to constitute a cause of action against these answering Defendants.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering Defendants allege that said damages complained of, if any there were, were proximately contributed to, caused or created by the carelessness, negligence, fault or defects of other persons, corporations or business entities, unknown to these answering Defendants at this time, and were not caused in any way by these answering Defendants, or by persons for whom these answering Defendants are legally liable.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering Defendants allege that Plaintiffs were themselves, actively careless and negligent in and about the matters alleged in the Complaint and that said acts of carelessness and negligence on the Plaintiffs' own part, proximately contributed to the happening of the incident and to the loss and damages, if any there were.  Under the doctrine of Li vs.

ANSWER OF DEFENDANTS CITY OF PLEASANTON, OFFICER JERRY NICELY, OFFICE MARDENE LASHLEY, and OFFICER MARTENS TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES

2

1  Yellow Cab, Plaintiffs' contributory negligence shall reduce any and all damages

2  sustained by said Plaintiffs.

3       AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

4  PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering

5  Defendants allege that Plaintiffs failed to mitigate their alleged damages as required by

6  law.

7       AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

8  PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering

9  Defendants allege that at all times defendants' conduct was justified, reasonable, and

10  necessary so to dispatch their lawful obligations and duties.

11       AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

12  PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering

13  Defendants allege that they are immune from the allegations and causes of action

14  contained within the complaint based upon the absolute and qualified good faith

15  immunities available to them under Federal and State law.

16       AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

17  PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering

18  Defendants allege that at all times mentioned, they are immune from the allegations and

19  causes of action contained within the complaint based upon the immunities set forth in

20  Government Code Sections 815, 815.2, 818, 820.2, 820.4, 820.6, 821.2, 821.6, 821.8,

21  822.2, and 856.

22       AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

23  PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering

24  Defendants allege that at all times herein mentioned, they did not act maliciously,

25  willfully, or fraudulently so as to violate plaintiffs' constitutional rights.

26       AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

27  PLAINTIFFS' UNVERIFIED COMPLAINT ON FILE HEREIN, these answering

28  Defendants allege that at all times herein mentioned, all the public employees acting on

ANSWER OF DEFENDANTS CITY OF PLEASANTON, OFFICER JERRY NICELY, OFFICE MARDENE LASHLEY, and OFFICER MARTENS TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES

3