**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE F. FORTE; EILEEN FORTE; GABRIELLE FORTE; JORDAN FORTE; NOEL FORTE and JUSTON FORTE,<br><br>    Plaintiffs,<br><br>  v.<br><br>HYATT SUMMERFIELD SUITES PLEASANTON; ANA VILLA, individually and as an employee of HYATT SUMMERFIELD SUITES PLEASANTON; PLEASANTON POLICE DEPARTMENT; OFFICER JERRY NICELEY, individually and in his official capacity; OFFICER MARDENE LASHLEY, individually and in her official capacity; OFFICER MARTENS, individually and in his official capacity; and DOES 1 through 25, inclusive,<br><br>    Defendants.<br>_____/ | No. C 11-02568 CW<br><br>ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AND RESETTING CASE MANAGEMENT CONFERENCE FOR DECEMBER 13, 2011 (Docket No. 9) |

    Movant William A. Lapcevic of Arata, Swingle, Sodhi & Van Egmond, counsel for Plaintiffs Eugene E. Forte, Eileen Forte, Gabrielle Forte, Jordan Forte, Noel Forte and Juston Forte, seeks leave of this Court, pursuant to Local Rule 11-5(a), and under California Rules of Professional Conduct Rule 3-700, to withdraw as counsel for Plaintiffs.  Plaintiff Eugene Forte alone has opposed the motion and indicated that the other plaintiffs, who comprise his wife and children, two of whom are minors, are unable and unwilling to represent themselves.  Having considered all of the parties' submissions, the motion to withdraw is GRANTED.

California Rules of Professional Conduct require members of the California Bar to withdraw from representation when "[t]he member knows or should know that continued employment will result in violation of these rules or of the State Bar Act." Cal. R. Prof. Conduct 3-700(B)(2). In the present case, Movant contends that a conflict of interest exists which precludes him from representing Plaintiffs in this action. Plaintiffs allege claims based on an altercation between themselves and the Pleasanton police at a hotel. Movant has attested that an excess liability pooling authority that covers Pleasanton retains his firm on various cases for other municipalities. On this basis, withdrawal is mandatory. Accordingly, the Court need not address whether Movant has established grounds for permissive withdrawal.

The motion to withdraw is GRANTED. The requirement of mandatory withdrawal also applies to Colleen Frances Van Egmond, another counsel of record for Plaintiffs, who is a member of the same firm as Lapcevic. "An attorney's disqualification extends to the entire firm, because when attorneys practice together, they presumptively share access to privileged and confidential matters." North Pacifica, LLC v. City of Pacifica, 335 F. Supp.2d 1045, 1050-51 (N.D. Cal. 2004). Here, Movant indicates that the conflict extends to the entire firm.

If Plaintiffs wish to pursue this litigation, they will have to retain new counsel or represent themselves in propria persona, except that those who are minor children cannot represent

2

themselves or appear without a guardian ad litem.  None of the non-minor Plaintiffs appear to be an attorney.  It does not appear that a guardian ad litem has been appointed.  The minor Plaintiffs have sixty days from the date this order is issued to find new counsel and seek appointment of a guardian ad litem for purposes of pursuing this action.  In the event that no guardian ad litem has been appointed to represent these Plaintiffs and they have not secured new counsel, their claims shall be dismissed.

   The parties are currently set to appear for a case management conference on October 11, 2011 at 2 pm.  This case management conference date is RESET for December 13, 2011 at 2 pm.  Pursuant to this Court's Local Rule 16-9(a) and the Standing Order for All Judges of the Northern District of California, the parties are to submit a Joint Case Management Statement, or separate statements, on or before December 6, 2011.  In the event that any Plaintiff fails to file a statement or does not appear at the conference in person or through counsel, their claims will be dismissed for failure to prosecute.

   IT IS SO ORDERED.

Dated: 9/20/2011

CLAUDIA WILKEN
United States District Judge