UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| EUGENE E. FORTE, et al., | No. C 11-02568 CW (LB) |
| Plaintiffs, | **ORDER REGARDING DEFENDANT VERONICA VILLA'S DISCOVERY DISPUTE LETTER DATED OCTOBER 9, 2012** |
| v. | |
| HYATT SUMMERFIELD SUITES, et al., | |
| Defendants. | [Re: ECF No. 69] |

## I. INTRODUCTION

Plaintiffs Eugene Forte, Eileen Forte, Gabrielle Forte, Jordan Forte, Noel Forte, and Juston Forte (collectively, "Plaintiffs") sued Defendants Hyatt Summerfield Suits Pleasanton, Veronica Villa (erroneously sued as Ana Avilla), the City of Pleasanton (sued erroneously as the Pleasanton Police Department), and Pleasanton Police Officers Jerry Nicely, Mardene Lashley, and [First Name Unknown] Martens (collectively, "Defendants"). Ms. Villa filed a letter on October 9, 2012 seeking a court order compelling Mr. Forte to respond to certain discovery requests. Upon consideration of the arguments of the parties and the applicable authority, the court rules as follows.

## II. BACKGROUND

Plaintiffs filed a complaint against Defendants in Alameda County Superior Court on March 4,

1    2011.  Notice of Removal, ECF No. 1, ¶ 1, Ex. A.[1]  They allege the following claims: (1) wrongful
2    eviction; (2) false arrest and false imprisonment; (3) negligent infliction of emotional distress; (4)
3    assault; (5) battery; (6) civil rights violations under 42 U.S.C. § 1983; (7) "detention and
4    confinement" under 42 U.S.C. § 1983; (8) "refusing to neglect and prevent."  *See id*.  Plaintiffs are
5    members of a family who stayed at Hyatt Summerfield Suits Pleasanton on March 6, 2010.  Their
6    claims arise out of an altercation between them and Defendants on the night they stayed at the hotel.
7    *See generally id*., Ex. A.

8    The action was removed to federal court on May 26, 2011.  *Id*.  Plaintiffs originally were
9    represented by counsel, but Judge Wilken granted their counsel's motion to withdraw on September
10   20, 2011 because of their counsel's conflict of interest.  9/20/2011 Order, ECF No. 34.  Since then,
11   Plaintiffs have proceeded in *pro per*.  On November 22, 2011, Judge Wilken dismissed Noel Forte's
12   and Juston Forte's claims because they are minors who cannot represent themselves and no *guardian*
13   *ad litem* was requested to represent their interests.  *See* 11/22/2011 Order, ECF No. 35.

14   Ms. Villa served interrogatories, requests for admissions ("RFAs"), and requests for production
15   of documents ("RFPs") on Mr. Forte on August 29, 2012.  10/9/2012 Letter, ECF No. 69 at 2.  His
16   responses to this discovery were due on October 1, 2012, which also was the fact discovery
17   deadline.  *Id*.; Case Management Order, ECF No. 38 at 1.  On September 28, 2012, Mr. Forte served
18   his responses to the RFAs.  10/9/2012 Letter, ECF No. 69 at 2.  He also sent Ms. Villa's counsel an
19   e-mail asking for an extension of time to respond to the interrogatories and the RFPs.  *Id*.  Ms.
20   Villa's counsel responded that a court order was necessary to do that and stated that he would not
21   stipulate to an extension.  *Id*. at 2-3.  It appears from the docket for this action that no court order
22   was ever entered extending the fact discovery deadline.  *See generally* Docket.

23   On October 9, 2012, Ms. Villa filed a discovery dispute letter that asks the undersigned to
24   compel Mr. Forte to respond to her interrogatories and the RFPs.  10/9/2012 Letter, ECF No. 69.
25   Ms. Villa stated that she did not file a joint letter because she did not believe that Mr. Forte would

---

28   [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

cooperate with her. *Id*. at 1. Judge Wilken referred her letter, and all future discovery disputes, to the undersigned for resolution. Order of Referral, ECF No. 88. The undersigned then issued an order acknowledging the referred dispute, excusing Ms. Villa's failure to file a joint letter, and allowing Mr. Forte to file a response. Notice of Referral, ECF No. 91 at 1-2. Mr. Forte filed a response to Ms. Villa's letter on October 18, 2012. Opposition, ECF No. 97.

### III. LEGAL STANDARD

Subject to the limitations imposed by subsection (b)(2)(C), under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

### IV. DISCUSSION

Under Rules 33(b)(2) and 34(b)(2)(A), a party must respond to interrogatories and RFPs within 30 days of being served with them. In his letter, Mr. Forte does not contend that the interrogatories and RFPs seek information or documents that are not relevant. *See generally* Opposition, ECF No. 97.[2] Instead, Mr. Forte argues that the deadlines for him to respond to the discovery (as well as the deadlines in this action generally) are burdensome in light of his efforts to litigate a possibly-related action in the Eastern District of California. *See generally id*. He suggests that Ms. Villa knew of

---

[2] Even if he had, the court finds that the interrogatories and RFPs seek discoverable information and documents because they are relevant to Mr. Forte's claims and Ms. Villa's defenses. *See* Fed. R. Civ. P. 26(b)(1).

C 11-02568 CW (LB)
ORDER
3

this other action and served her interrogatories and RFPs in bad faith as a means to overburden him. *See generally id*.

Mr. Forte's argument, especially now, is not persuasive. First, he provides no actual evidence to show Ms. Villa's bad faith. Second, Mr. Forte does not specify how Ms. Villa's interrogatories and RFPs actually overburden him (*i.e.*, he does not explain why he could not meet the October 1, 2012 deadline for his responses). But even if he had, he certainly should have had enough time to respond to the interrogatories and RFPs by now. Mr. Forte sought an extension of time to respond, and by simply not responding, and by causing the undersigned to issue an order compelling him to respond, he essentially has gotten one. The court sees no reason to allow Mr. Forte to delay any further. He filed this action, and he must participate in it. He shall serve responses to Ms. Villa's interrogatories and RFPs no later than November 16, 2012.[3]

## V. CONCLUSION

The court **GRANTS** Ms. Villa's request for an order compelling Mr. Forte to respond to her interrogatories and RFPs. Mr. Forte **SHALL** serve his responses to Ms. Villa's interrogatories and RFPs no later than November 19, 2012.

**IT IS SO ORDERED.**

Dated: November 9, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] In her letter, Ms. Villa requests that the fact discovery deadline be extended to allow for Mr. Forte's responses. 10/9/2012 Letter, ECF No. 69 at 4. An extensions of a case management deadline is a matter for Judge Wilken. If Ms. Villa still requests such an extension, she should ask Judge Wilken for it.

C 11-02568 CW (LB)
ORDER
4